GIBONEY VS. ROGERS, JUDGE, ETC.

1. DEPOSITIONS IN CRIMINAL CASES: *Mandamus.*

Defendants in criminal cases are, under the statute, entitled to take the deposition of witnesses residing out of the State; and the Supreme Court will award a writ of *mandamus* to compel the Circuit Court to make the necessary order to enable the defendant to take the deposition in such a case.

2. ———.

It is in the discretion of the Circuit Court to have a competent witness, who is confined in jail, brought before it by *habeas corpus*, to testify in behalf of the defendant in a criminal cause, or to allow the defendant to take his deposition, and the Supreme Court will not control the discretion of the Circuit Court by *mandamus*.

PETITION for *mandamus*.

*Clark & Williams* for petitioners.

HARRISON, J.:

At a former day of the term, William S. Giboney presented to the court a petition, stating that an indictment for robbery is pending against him in the Circuit Court of Sebastian County, for the Greenwood District, to which it has been transferred by a change of venue from the Circuit Court of Logan County; that James R. Waddle, John McGregor, A. J. West and J. C. Dodson, of the County of Green, and Lizzie McKnight, John McKnight, Brook Winn and Lizzie Winn, of the County of Christian, in the State of Missouri, and E. L. Mitchell, who is confined in the jail of Crawford County, but not under sentence for felony, are material witnesses for him, by whom he expects to prove, that when the alleged robbery was committed he was not in Logan County, but was, at the time, in the State of Missouri; that he had applied to the Hon. John H. Rodgers, Judge of the said Circuit Court, for an order authorizing him to take the depositions of said witnesses, to be read in his behalf upon the trial; but that the said Judge had refused to make such order, and praying for a writ of *mandamus* to compel him to make the same. An alternative writ was issued, to which the Judge has made return and answer, that the law has made no provision for the taking depositions of witnesses out of the State, or under the circumstances shown in the petition, in criminal cases, and he has no authority to order the depositions of the witnesses

named therein to be taken ; and to the return the petitioner has demurred.

It is provided by sec. 1819, Gantt's Dig., that "the court or Judge, in vacation, * * * * * may authorize a defendant to take the deposition of a material witness when there are reasonable grounds to apprehend, that before the trial, the witness will die, or become mentally incapable of giving testimony, or physically incapable of attending the trial, or of becoming a non-resident of the State."

In civil cases, provision is expressly made for taking depositions out of the State, and the section we have just quoted does not, in words, prohibit it, but, we think, impliedly admits and authorizes its being done in criminal cases. The power there given to take the deposition of witnesses, who there is reasonable cause to apprehend, may, before the trial die, or become mentally incapable of giving testimony, or who are physically incapable of attending, is not restricted by the words of the statute, and we are of the opinion that it would be giving the statute a very narrow construction, and such as would be inconsistent and at variance with its spirit and general purposes, so to limit it; for certainly the necessity is as great, and the reason as obvious for taking the depositions of a witness who has already moved from the State, or has never resided in it, as of one who is about to remove from it.

It was not, we presume, the intention of the legislature, when it enacted the section in question, as a part of the Code of Criminal Practice, to so alter or amend the law as it then stood in Gould's Dig., sec. 130, ch. 52, which expressly provided for its being done, as to prohibit the taking of depositions out of the State, in criminal cases, and to make a distinction in that regard between them and civil cases. " It has been held in many cases," says Sedgwick, " that the mere change in the phraseology of a

statute will not be deemed to alter the law, unless it evidently appears that such was the intention of the legislature"— Sedg. on Stat. and Const. Law, 197. In the matter of Brown, 21 Wend., 316, Yates' case; 4 John. 359; *Theriat* v. *Hart*, 2 Hill, 380. And Kent says : " When the expression in a statute is special or particular, but the reason is general, the expression should be deemed general," and again, " when the words are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt, and the objects and the remedy in view ; and the intention is to be taken or presumed according to what is consonant to reason and good discretion." 1 Kent's Com., 462.

As it is within the power of the Circuit Court to have the witness who is confined in jail, if not indicted with the petitioner, or otherwise incompetent, brought before it by *habeas corpus*, to testify in the case, it is within its discretion either to do so, or to authorize his deposition to be taken ; and its discretion in the matter cannot be controlled by this court ; but the demurrer must be sustained so far as the return relates to the taking of the deposition of the witnesses who reside in the State of Missouri —and as to the order therefor, a peremptory *mandamus* will be issued.