## JACKSON *v.* STATE.

Decided February 21, 1891.

1. *Criminal law—Continuances.*

In criminal, as in civil cases, continuances are within the sound discretion of the court. In this case a continuance for absent non-resident witnesses was properly refused, because it was not shown where the witnesses resided, or why they were not present, why their depositions were not taken, or whether the desired facts could not be proved by other witnesses.

2. *Pleading—Petition for a change of venue.*

A motion for a change of venue, alleging that the minds of the inhabitants of the county in which the cause is pending are so prejudiced against the defendant that a fair and impartial trial cannot be had therein, verified by the defendant's affidavit, is a sufficient "petition," within the meaning of section 2196 of Mansfield's Digest.

3. *Supporting affidavit—Rebuttal.*

Where an affidavit is filed in support of a petition for a change of venue, counter affidavits may be introduced to show that the person making it is not a credible person, or he may be examined orally in open court, in order to ascertain his credibility.

APPEAL from *Sebastian* Circuit Court, Fort Smith District.

T. C. HUMPHRY, Judge.

The appellant *pro se.*

*J. B. McDonough,* Prosecuting Attorney, and *W. E. Atkinson,* Attorney General, for appellee.

MANSFIELD, J. Will Jackson was tried in the circuit court of Sebastian county for the Fort Smith district on an indictment for murder in the first degree, committed by taking the life of Ida Dean. The jury found him guilty as charged, and he moved for a new trial. This having been denied, judgment of death was pronounced against him, from which he has appealed.

Of the assignments of error made in the appellant's motion for a new trial, only two have been argued and insisted upon here. These relate to the action of the court in refusing to grant the defendant a continuance and in denying his appli-

cation for a change of venue. The killing occurred in the city of Fort Smith, on the 2d day of June, 1890, and the indictment was found two days later. On the 11th day of the same month, the gentlemen through whose services this appeal has been prosecuted were assigned as the defendant's counsel in the court below. On the day following their appointment they filed a motion asking the court to continue the cause until the next term. The grounds of this application, as stated, were that the defendant's counsel had not had sufficient time to prepare for his trial, and that four material witnesses in his behalf were absent. The motion stated that in the summer of 1888 the defendant suffered a severe sunstroke, which at times, and especially when he was under the influence of strong stimulants, rendered him so far unconscious that he was wholly unable to distinguish right from wrong; that, at the time of the killing, and prior thereto, he was under the influence of beer and whisky to such an extent that by reason of the effect of said sunstroke he became wholly unconscious of the nature of his acts; that he expected to prove by the absent witnesses, whose names were given, and who, it was stated, resided in the Indian territory, that he received the sunstroke referred to, and that at times since then they had known him to become apparently unconscious—sometimes from overheat, and several times after having used apparently but a small quantity of liquor. The application concluded with a statement that it was true, and that the defendant believed he would be able to procure the testimony of the absent witnesses by the next term of the court, and that he knew of no other witnesses by whom he could "so well prove the foregoing facts." The motion, which was sworn to by the prisoner, was filed and overruled on the 12th day of June. The cause was not, however, then called for trial, but was set for trial on the 20th day of the same month.

**1. Continuances in criminal cases.** In *Thompson* v. *State*, 26 Ark., 323, it was held that continuances in criminal as well as in civil cases are, as a general rule, within the sound discretion of the court, and that a

refusal to grant a continuance "is never ground for a new trial, unless it clearly appears to have been an abuse of such discretion, and manifestly operates as a denial of justice." In this case the appellant's application does not state how far the absent witnesses resided from the place of trial, and there is nothing in the record to show that their testimony might not have been procured in the interval between the day when the continuance was refused and that on which the trial began, nor whether any effort was made to secure it. It is true that the application states that the witnesses were beyond the jurisdiction of the court in which the indictment was pending. But one of the witnesses, George Brown, subsequently appeared, and testified on the hearing of the application for a change of venue, and if the voluntary attendance of the others could not have been procured, and they were as stated non-residents, their depositions might have been taken under the statute. (Mansf. Dig., sec. 2146; *Giboney* v. *Rogers*, 32 Ark., 462). And if remoteness of residence or other circumstance existed to prevent the appellant from obtaining their depositions, that fact might also have been submitted for the consideration of the court by setting it forth in the motion. It will also be observed that the motion does not say that there were not other witnesses by whom the same facts could be proved, but only that defendant knew of no others "by whom he could so well prove them." George Brown was present on the day the trial began, and does not appear to have been called as a witness, except to testify on the application for a change of venue. Four other witnesses, all of whom state that they had known the appellant for a number of years, testified as to his sanity. As to the first ground stated in the motion for a continuance, namely, that counsel had not had sufficient time to make the necessary preparation for the appellant's trial, there is nothing to show that it was not removed by the additional time allowed by setting the case for trial on the 20th day of June. We are unable then to see from this record that the court abused its discretion in refusing the

application for a continuance, or that such refusal operated as a denial of justice, or was even prejudicial to the appellant. It therefore furnishes no ground for disturbing the verdict of the jury.

2. Change of venue—Petition.  On the same day on which the motion for continuance was filed (the 12th day of June) the defendant also filed his motion for a change of venue. Omitting the caption, that motion is in the form following: "Comes the defendant, Will Jackson, and moves the court for a change of venue, and for cause says: That the minds of the inhabitants of Sebastian county are so prejudiced against him that he cannot obtain a fair and impartial trial of this cause therein." This was signed and sworn to by the defendant and supported by the affidavit of Green Hogan. The prosecuting attorney introduced the counter-affidavit of eight persons which, omitting the caption, is as follows: "We, the undersigned persons, state on oath that we do not regard Green Hogan a credible person." The court heard the application on these affidavits and, having found that Hogan was not a credible witness, refused to make the order.

The statute (Mansf. Dig., sec. 2196) provides that the order for the removal of a criminal cause from the circuit court where it is pending to the circuit court of another county " shall be made on the application of the defendant by petition setting forth the facts, verified by affidavit." And that " the truth of the allegations in such petition," shall be supported " by the affidavit of some credible person." It is contended here on the part of the State that no *petition,* within the meaning of the statute, was in fact filed to obtain the change of venue sought by the defendant; and that if the paper which he presented can be treated as a petition, it is insufficient because it states no facts, but only a conclusion of law. It is argued that the defendant's application was therefore properly refused because of its informality.

The practice which has prevailed in this State with reference to the form of an application for a change of the venue in a criminal case has been extremely liberal ; and as no ob-

jection to the form of defendant's petition appears to have been made in the court below, we think it would be unjust to him to entertain it on this appeal. Our opinion however is that the paper filed in this case and treated as a petition in the court below is in its form a substantial compliance with the statute. It does indeed state the conclusion to be drawn from the facts to be investigated, rather than the facts themselves. But the statement is of such nature that no one was likely to be misled by it.

On the other hand, counsel for the appellant earnestly contended that it was not competent to assail the credibility of Green Hogan by an affidavit which can be properly construed as only containing a vague expression of the affiants' opinion of his credibility. But we think this objection is entitled to no greater consideration than the one just disposed of. It was not urged below, and it does not appear that any prejudice resulted to the appellant from the form of the counter-affidavit. By the word " regard," in the connection in which the affiants used it, the court no doubt understood them to express an opinion of Hogan's credibility based upon their knowledge of his general reputation. And it is not probable that they were understood in any other sense by either the appellant or his counsel. We cannot therefore say that their affidavit was not sufficient to support the finding of the court against the credibility of Hogan.

On the 20th day of June, the appellant filed an amended application for a change of venue. This was supported by the affidavits of Joe W. Smith, Charles O'Brien, and George Brown. The court caused these witnesses to be examined orally in open court, with the view of ascertaining their credibility. It does not appear that any objection to this examination was made by the defendant at the time it took place ; but it is now insisted that it was error. We are of the opinion that it was within the discretion of the court to receive the oral testimony of these witnesses as to facts affecting their own credibility, and their testimony, as set

3. Rebuttal of supporting affidavits.

forth in the bill of exceptions, is such as we think amply supports the finding of the court that they were not credible witnesses.

It follows that the court did not err in denying either of the appellant's applications for a change of venue.

No question can reasonably arise on this record as to the sufficiency of the evidence to support the verdict of the jury. The instructions of the court were not unfavorable to the defendant.

Finding no error in the judgment of the court below, it is affirmed.