Kelley vs United States.

Opinion rendered September 26, 1907.

(104 S. W. Rep. 604).

1. *Criminal Law—Continuance—Absence of Witnesses.*
   In ordinary cases it is not error to deny a continuance because witnesses are absent whose evidence is only cumulative.

2. *Same—Discretion of Court.*

When the evidence showed that the decedent was unarmed, that the accused, attacked him with an open knife unawares and killed him, and that no witness was produced to support his testimony that the killing was in self-defense, the refusal to grant a continuance because of absent witnesses whose testimony would be cumulative in order to prove threats by decedent shortly before the killing, was not an abuse of discretion.

3. *Same—Assignment of Error.*

An assignment of error showing that the judge was not present during the trial where the fact of his absence is not shown by the record.

Error to the United States Court for the Southern District of the Indian Territory; before Justice Hosea Townsend, November 28, 1905.

Kid Kelley was convicted of murder, and he brings error. Affirmed.

The defendant below was indicted, tried, and convicted of murder, and the sentence of death was entered against him. The killing occurred at Tishomingo, in the Southern district, on January 11, 1904. The facts are that deceased had been arrested for gambling, and had accused the defendant of being instrumental in causing his arrest. The day before the killing they had a quarrel. On the morning of the killing the deceased was sitting in a chair in a restaurant, near a table, at which three of the witnesses in the case were eating their breakfast. The defendant came into the room with a knife in his hand, and without speaking went directly to the deceased. The two grappled, a moment's struggle ensued, and the defendant plunged his knife into the deceased's breast, killing him almost instantly. The defendant ran away, but was in a short time captured. The deceased had no weapon in his hand or on his person, except in his vest pocket there was found a small Barlow knife. After the arrest of the defendant, he was brought into the presence of the dead body

and the person who arrested him said to him: "See what you have done." He replied: "Yes, the d—— son of a b—— ought to have been dead long ago." The defendant relied on the law of necessary self-defense. There was proof that after the quarrel, on the day before the killing, the deceased had made threats against the life of defendant, which were communicated to him. The defendant testified that he went down town that morning to get some breakfast food for the woman at whose house he slept that night, and, as had been his custom, stepped into the restaurant to get a cup of coffee. That he had "broken a button off, and had his knife in his hand." That he did not know that the deceased was there. When he went into the house he passed by the deceased, who grappled him with one hand and threw the other around, as he supposed, to draw a weapon. The scuffle then ensued. And that he killed him to save his life.

*P. B. H. Sherer*, for plaintiff in error.

*Geo. R. Walker*, for the United States.

CLAYTON, J. (after stating the facts as above). After the charge, the defendant entered the following exception: "To the giving of the above charge, as so given, the defendant, by his counsel, then and there excepted." Exceptions were saved to the refusal of the court to give five requested instructions asked for by the defendant. But these are all abandoned in the assignment of errors, which is as follows: "First. The court erred in overruling the motion of defendant for a continuance of this cause, made and filed in this cause on the 15th day of November, 1905, for the reason that the defendant had been confined in jail for about two years, and was poverty-stricken, unable to employ counsel, without friends or acquaintances in the Indian Territory, and unable to ascertain the names and residences of his witnesses, or to what they would testify to in his behalf, if present upon the

trial of said cause, until upon the evening of the calling of this cause for trial. That this defendant made application in due form for the subpoenaing of the witnesses whose names appear in the motion for a continuance, to wit, Jim Johnson, Pearl Harrison, and Moses Alexander, and that the subpoenas for said witnesses were, at the time of the overruling of said motion, in the hands of the United States marshal for the Southern district of the Indian Territory, and could have been served and the appearance of said witnesses procured at the next term of said court. That the testimony of said witnesses was relevant and vitally material to this defendant upon the trial of said cause, and without their evidence he could not safely proceed with the hearing in said cause. All of which appears specifically by a motion for a new trial, a copy of which is hereto attached, as a part of this assignment of errors. Second. The court erred in overruling the motion of the defendant for a continuance of this cause, made in open court on the 17th day of November, 1905, for the reason that, as was stated in the motion and to the court at said time, subpoenas duly issued were then in the hands of the marshal of this court for Mrs. Dillingham, wife of the deceased, and Addie Mayfield, and whose presence in the Indian Territory and whose postoffice address had only been learned by the defendant the day prior, and the testimony that the witnesses would give, if present upon the trial, had been communicated to the defendant and his attorney only on the day before, and that said witnesses would have testified in substance and effect as shown by said motion for a continuance. That the deceased had stated his unalterable intention to take the life of the defendant at sight; and, further, that the deceased, at 11 o'clock on the night before the homicide, had assaulted the defendant with a pistol, driven him from his lodging house, and attempted then to take his life. That the said Addie Mayfield was then in the Indian Territory at the town of Hailey-

ville, and that the said Mrs. Dillingham was residing in the Southern district of the Indian Territory and near the town of Ardmore, and less than 40 miles from the town of Tishomingo, when this cause was tried. That the court erred in refusing to permit the witness Pearl Harrison, who was brought into the courtroom after the closing of the testimony, and during the argument of said cause, to testify on behalf of said defendant; it being then made to appear to this court, and which was the truth, that the said witness had only then arrived at said courthouse, without fault or negligence on the part of the defendant. That the testimony of said witness was material and necessary to the proper defense of the defendant upon said trial, and that said witness would have testified that on Sunday before the killing the deceased called at her house armed with a pistol, and stated that he was looking for the defendant and intended to kill him on sight, and that this threat she communicated to the defendant only a few hours before the homicide. And for the further reason that it had been agreed between the United States attorney and the attorney for the defendant, in the presence of the jury, that the said Pearl Harrison might be introduced then, and her evidence heard by the jury. Third. That during the progress of said trial, and while the assistant United States attorney was making his closing argument to the jury, the trial judge was absent from the courtroom."

The record of this case is in such a confused condition that it is almost impossible to get a correct or an intelligent understanding of it; but, as to the first and second stipulations of error, it seems that on the 5th day of November, 1905, the defendant filed his application for process to procure the attendance of his witnesses at the expense of the government, which was allowed and process ordered on the 8th of the same month. On November 15th, defendant filed a motion for continuance, which was overruled, and exception saved. On

the following day, the 16th, another application for process for witnesses was filed and granted. On the 17th, the case was called for trial. The government announced ready, and the defendant filed another motion for continuance, on the ground of absent witnesses, which was overruled, and exception saved. A jury was called, and the trial proceeded. The motions, of course, set up a statement of the facts to which the absent witnesses would testify, which were that some of them were present at the quarrel the day before the killing, and would testify to occurrences of that affair, and others would testify as to the threats made by the deceased shortly before the killing, all of which was testified to by a number of other witnesses at the trial, and no testimony was offered by the government to dispute it. So the testimony of the absent witnesses would have been but cumulative, at best, and would have tended to prove nothing more than that which was afterwards established. Generally speaking, it is not error to overrule a motion for continuance on the ground of absent witnesses, if that to which they will testify is but cumulative of the testimony of others. Maxey vs State, '66 Ark. 523, 52 S. W. 2; 9 Cyc. 176, note 79. "Continuances in criminal as well as in civil cases are, as a general rule, within the sound discretion of the court, and that a refusal to grant a continuance is never ground for new trial unless it clearly appears to have been an abuse of such discretion and manifestly operates as a denial of justice." Jackson vs State, 54 Ark. 244, 15 S.W. 607; Thompson vs State, 26 Ark. 323. When it is considered that the deceased was unarmed, quietly sitting in a chair, that the defendant, with an open knife, attacked him unawares, and produced and asked for no witness to support his uncorroborated testimony that deceased "threw around his hand" to an empty pocket, or made any other hostile demonstration, it is hardly conceivable that additional proof that deceased had a quarrel with defendant and made threats against him, facts already

established, would add to the probabilities that defendant slew the deceased in his necessary self-defense. If the testimony of the absent witnesses would have related to the actual facts of the killing in the particular that deceased was the aggressor, and thus corroborate him on this vital point, his case would be stronger. We are of the opinion that the court, in overruling the motion for continuance, did not abuse its discretion.

As to the third stipulation of error, that the trial judge was absent from the courtroom during the trial, it is sufficient to say that that fact nowhere appears in the record. The only place we find it is in the assignment of errors, and, of course, we cannot consider it.

Because of the importance of the case, we have carefully examined the record upon the points set up in the motion for new trial and not presented by the assignment of errors or relied on by the defendant's counsel in his brief, and we find no error.

Therefore the judgment of the court below is affirmed.

GILL, C. J., and LAWRENCE, J., concur.