## DAVIS *v.* STATE.

Opinion delivered June 6, 1910.

1. SEDUCTION—INDICTMENT.—An indictment for seduction need not allege that the defendant was a single and unmarried man. (Page 556.)

2. CONTINUANCE—ABSENT WITNESSES—APPLICATION.—An application for continuance on account of the absence of certain witnesses should show where these witnesses reside and that it is probable that their testimony could be obtained in the event that the case is continued. (Page 558.)

3. SAME—WHAT APPLICATION SHOULD SHOW.—An application for continuance on account of the absence of witnesses should show that the desired facts could not be proved by other witnesses. (Page 558.)

4. SAME—WHAT APPLICATION SHOULD SHOW.—An application for continuance on account of the absence of witnesses should specifically set forth the facts expected to be proved by the desired witness, and not in general terms or by indefinite allegations. (Page 558.)

5. MARRIAGE—HOW PROVED.—In a prosecution for seduction it is competent to prove that defendant was already married by showing that he had introduced a woman to his friends and acquaintances as his wife and conducted himself towards her as her husband. (Page 559.)

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; affirmed.

*Robert A. Rowe,* for appellant.

The indictment is not sufficiently certain. I Ark. 171; 5 Ark. 444; 26 Ark. 323; 27 Ark. 493; 29 Ark. 68; *Id.* 165; *Id.* 225; 30 Ark. 496; 33 Ark. 561; 34 Ark. 158; *Id.* 263; *Id.* 275; *Id.* 433; 36 Ark. 242; *Id.* 284; 38 Ark. 519; 43 Ark. 93; 57 Ark. 560; 42 Ark. 73; 47 Ark. 551; 48 Ark. 66; 48 Ark. 94; 55 Ark. 360; 55 Ark. 389; *Id.* 353; 49 Ark. 499; 18 Tex. App. 15; 43 Tex. 414; 7 Tex. App. 623; 65 Cal. 501; 2 Thompson on Trials, 2313.

*Hal L. Norwood,* Attorney General, and *W. H. Rector,* Assistant, for appellee.

Motions for continuances are addressed to the discretion of the trial judge. 41 Ark. 62; 26 Ark. 323; 54 Ark. 243; 76 Ark. 290; 70 Ark. 521. A case will not be reversed for defects in the indictment which do not tend to prejudice the rights of the defendant. Kirby's Dig., § § 2228, 2241, 2242 and 2243; 84 Ark. 477. A married man may be guilty of seduction. 48 Ga. 192; 34 Kan. 63; 27 Minn. 52. The indictment is sufficient. 47 Conn. 319; 13 Ind. 565; 41 Minn. 41; 33 Miss. 387; 16 So. 264; 98 Ky. 708; 98 Mo. 368.

FRAUENTHAL, J. The defendant, Van Davis, was indicted by the grand jury of Sebastian County for the crime of seduction. In the body of the indictment it was alleged that the defendant "then and there being a man, unlawfully and feloniously did obtain carnal knowledge of one Anna Ragan, a single and unmarried female, by virtue of a false express promise of marriage to her previously made by said defendant, against the peace and dignity of the State of Arkansas." The defendant interposed a demurrer to the indictment, which was overruled. He was then tried upon the indictment and convicted of the crime therein charged against him; and from the judgment of conviction he has appealed to this court.

It is contended that the indictment is fatally defective because it fails to allege that the defendant was an unmarried man. It is urged that if the defendant was a married man at the time the alleged promise of marriage was made he could not legally carry out such promise, and therefore could not be guilty of seduction; and that on this account it was necessary to allege in the indictment that he was a single and unmarried

man. The crime of seduction is created by statute. In this State the statute provides that "any person who shall be convicted of obtaining carnal knowledge of a female by virtue of any feigned or pretended marriage, or of any false or feigned express promise of marriage" shall be guilty of this crime. Kirby's Digest, § 2043. The object and purpose of the statute is to protect the virtue and chastity of the female; and it applies to "any person" who is a male and violates its provisions. It is not limited by reason of the state or condition of the man—whether he be single or married. There is nothing in the statute that requires that the promise of marriage shall be legally valid and binding. The purpose of the statute was to prevent the obtaining of the consent of the female to sexual intercourse by means of the promise of marriage and to protect her from the arts of the man who had gained her confidence and to whose solicitation she might yield because she believed that his promise of marriage was made in good faith and would be observed. The promise of marriage would be as false and feigned if the seducer knew that it was not in his power to perform it as it would be if he was capable of observing it. The statute is leveled at the seducer, whether he be a married man or a single man; and a married man may be guilty of the offense of seduction, if the woman was ignorant of the fact of his marriage. It was not necessary, therefore, that the indictment should allege that the defendant was a single and unmarried man. Bishop on Statutory Crimes, § 638; *Norton* v. *State*, 16 So. 264; *State* v. *Primm*, 98 Mo. 368; *State* v. *Bryan*, 34 Kan. 63; *Davis* v. *Com.*, 98 Ky. 708; *People* v. *Kehoe*, 123 Cal. 224; *People* v. *Alger*, 1 Parker, C. C. 333; *Kenyon* v. *People*, 26 N. Y. 203.

It is urged by counsel for defendant that the evidence on the part of the State shows that the defendant was willing to carry out his promise of marriage, and has not refused to do so; and that therefore there is not sufficient evidence adduced in the case to support the verdict. But we do not think that this contention is correct. In September, 1909, the defendant came to the home of the mother of the prosecuting witness and claimed to have known the family in Georgia, in which State he said that he had lived. He introduced himself as Chester Davis, and claimed to be a second cousin of the prosecutrix through relation with her father. He soon made love to her,

and asked the consent of her mother to marry her, which was given. Shortly thereafter he obtained carnal knowledge of her by promising marriage on the following day. On the following day he started to the county seat with the prosecutrix in order to secure the marriage license; but, after proceeding only a portion of the way, he told her that he would not marry her; and then for the first time claimed that he could not marry her because they were cousins. He then insisted that she tell her mother and acquaintances that they had married and promised that he would later go with her to Memphis and there marry her. Overcome by his entreaties, his threats and promises, she consented. But the defendant never did take further steps to carry out his promise of marriage; and later it developed that his name was not Chester Davis, which he had assumed; but that he was Van Davis and a married man. We think that the evidence was sufficient to warrant the finding of the jury that the promise of marriage made by the defendant was feigned, and that he did not intend to perform it; and upon the whole case we think there was sufficient evidence to sustain the verdict of the jury. *Carrens* v. *State,* 77 Ark. 16; *Lasater* v. *State,* 77 Ark. 468; *Rucker* v. *State,* 77 Ark. 23.

It is urged that the court erred in overruling the defendant's motion for a continuance. It appears that the defendant announced ready for trial, and entered his plea of not guilty, and thereupon a jury was impanelled to try the case. After a portion of the testimony had been taken the defendant filed a motion for continuance in order to obtain two witnesses. He stated in the motion that the two witnesses had resided in the district, but, in effect, stated that they were at that time without the jurisdiction of the court, and that he did not know their then residence. He stated further that these witnesses would testify that the prosecuting witness "had had sexual intercourse with men before she became acquainted with the defendant in this case." The application for continuance should have shown where these witnesses resided, and that it was probable that their testimony could be obtained in event the case was continued. It was also defective in not showing that the desired facts could not be proved by other witnesses. *Jackson* v. *State,* 54 Ark. 243. The motion did not state that these two witnesses would testify that either of them had been criminally

intimate with the prosecuting witness, and did not name any man who had been thus intimate with her. An application for continuance should specifically set forth the facts expected to be proved by the desired witness, and not in general terms or by indefinite allegations the effect of such testimony. The allegations in the motion as to what the defendant expected to prove by these two witnesses were vague, general and uncertain, and were in the nature of conclusions rather than of specific facts. On this account therefore we do not think that the lower court abused its discretion in refusing to continue the case. *Puckett* v. *State*, 71 Ark. 62; *Taylor* v. *State*, 72 Ark. 613; *Rucker* v. *State*, 77 Ark. 23; *Russell* v. *State* (Tex.), 26 S. W. 990; 9 Cyc. 201.

Counsel for defendant also claim that the lower court committed error in allowing the introduction of certain testimony relative to the marriage of the defendant. But we do not think this contention is well founded. At the time the testimony was introduced the defendant did not interpose objection thereto, nor did he make any exception to any ruling of the court upon the introduction of this testimony. And we do not think that the testimony was incompetent. The witness stated that she lived at the time of the defendant's marriage in the same community with the defendant, and she named the person whom he married, and that in the community he introduced the lady as his wife to his friends and acquaintances and conducted himself towards her as her husband. This was in effect original evidence of facts from which the marriage could be inferred. We think this testimony was competent and admissible. 3 Wigmore on Ev., § 2083; 1 Greenleaf on Ev., § 140c.

It is also urged that the court erred in its refusal to give certain instructions requested by defendant. We have examined these instructions and all the instructions given in the case. The instructions requested by the defendant were fully covered by the instructions given by the court. We think the court fully and correctly instructed the jury upon every phase of the case.

Upon an examination of the whole case we do not find any error committed in the trial of the case which was prejudicial to the rights of the defendant.

The judgment is affirmed.