## KENNEDY v. STATE.

### Opinion delivered December 7, 1914.

1. CRIMINAL LAW—CONVICTION—TESTIMONY OF ACCOMPLICE.—In a prosecution for larceny an instruction that, "while the defendant can not be convicted on the uncorroborated testimony of an accomplice, the amount of such corroborating evidence which should be required is a question for the jury, and it is sufficient, if there is any such evidence, to warrant you in convicting the defendant, provided it, taken with all the other evidence in the case, convinces you of his guilt beyond a reasonable doubt;" *held*, correct.

2. CRIMINAL LAW—TESTIMONY OF ACCOMPLICE—INSTRUCTION.—In a criminal prosecution the defendant is, under Kirby's Digest, § 2384, entitled to an instruction that a conviction can not be had in a felony case upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and that the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

Appeal from Howard Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*W. P. Feazel* and *D. B. Sain*, for appellant.

1. The third instruction given at the request of the State is erroneous and prejudicial in that it authorizes

a conviction notwithstanding the provision of the statute to the effect that the corroboration of the testimony of an accomplice shall not be sufficient unless it tends to connect the defendant with the commission of the crime. Kirby's Dig., § 2384. While the weight of the corroborating testimony is a question for the jury, yet it must be of a substantial character, independent of the testimony of the accomplice, which of itself tends to connect the defendant with the commission of the crime. 75 Ark. 542; 64 Ark. 253.

The instruction is also erroneous in that it invades the province of the jury by stating what evidence is sufficient to convict. Art. 7, § 23, Const.; 83 Ark. 194; 55 Ark. 246.

2. Counsel review the evidence and contend that it is not sufficient to sustain the verdict.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. Instruction 3, when considered in connection with instruction 1, given at appellant's request, is found to be free of error, the two covering practically the same ground as the instruction given in *Celender* v. *State,* 86 Ark. 23-25.

2. The evidence is sufficient to sustain the verdict. The accomplice is sufficiently corroborated by the circumstances shown in evidence, and it is well settled that admissions made by the defendant himself will corroborate the testimony of the accomplice. 97 Ark. 92-94.

McCULLOCH, C. J. Defendant, Will Kennedy, was convicted of the crime of grand larceny under an indictment charging him with stealing a cow, the property of Mrs. J. A. Parker. The evidence tends to show that the defendant and Mack Craig, who were separately indicted for the same offense, took the cow of Mrs. Parker out of the range and carried it up to the house of one Purcell and butchered it. Purcell was a witness in the case and gave damaging testimony against the defendant. His own testimony tended to show that he accepted some of the meat from the butchered animal, but refused to ac-

cept money for the price of his participation, or rather his silence as to the commission of the crime.

The ground principally urged for reversal is that the court erred in giving an instruction on the subject of the statutory necessity for corroboration of the testimony of an accomplice. The instruction reads as follows:

"No. 3. While the defendant can not be convicted on the uncorroborated testimony of an accomplice, the amount of such corroborating evidence which should be required is a question solely for the jury, and it is sufficient, if there is any such evidence, to warrant you in convicting the defendant, provided it, taken with all the other evidence in the case, convinces you of his guilt beyond a reasonable doubt."

(1) It is contended that this instruction is erroneous and prejudicial for two reasons: First, that it authorizes a conviction solely upon the testimony of an accomplice as to the connection of the defendant with the commission of the offense; and, second, that the instruction amounts to a charge of the court upon the weight of the testimony. We do not think the instruction is open to either of these objections. Certainly not to the one that it is a charge upon the weight of the testimony. On the contrary, it expressly leaves to the jury the question of the weight and sufficiency of the testimony, and does not in anywise invade the province of the jury in that respect.

(2) The contention is that under this instruction the jury might have understood that any corroborating evidence at all was sufficient, even though it did not tend to connect the defendant with the commission of the offense, and that the jury might determine for itself what character of corroborating evidence was sufficient. The instruction does not, we think, reach to the question of the character of the corroborating testimony and does not undertake to define what kind or quality of corroborating testimony is necessary to sustain a conviction. It only conveys the meaning to the jury that there must be corroborating testimony, and that the jury is to judge of

its weight and sufficiency. Of course, the defendant was entitled to an instruction telling the jury, in the language of the statute (Kirby's Digest, § 2384), that a conviction can not be had in a felony case upon the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the commission of the offense," and that "the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof." Such an instruction was not requested by defendant, and he can not complain that the court did not give one. The instruction which the defendant requested on that subject was given by the court, but it was not in accordance with the statute. However, that is a matter of which the defendant can not complain, as the court gave the instruction on the subject which his counsel requested.

It is also urged that the testimony is insufficient to sustain the verdict, in that it fails to show knowledge on the part of the defendant that the cow did not belong to Craig, who employed the defendant to assist in taking it from the range and butchering it. The testimony is not entirely clear, as it appears to us in the record, but it is legally sufficient to sustain a finding that the defendant and Craig were both guilty of the crime charged against them.

The judgment is therefore affirmed.