## TOWNSEND *v.* STATE.

Opinion delivered May 16, 1921.

CRIMINAL LAW—CORROBORATION OF ACCOMPLICE.—Testimony of accomplices that defendant in the night time broke and entered into a railway car and stole some smoked meat was sufficiently corroborated by proof that at a time when farmers or others who killed hogs would not have smoked meat, defendant, not being engaged in the meat business, attempted to sell smoked meat.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*N. B. Scott,* for appellant.

Except the testimony of accomplices, there is no evidence whatever of defendant's guilt. The cases in 75 Ark. 540, and 63 *Id*. 310 are conclusive of this case.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. Appellant did not object to the action of the court in giving instructions and can not do so on appeal for the first time. 78 Ark. 490. Exceptions to instructions *must be saved during the trial* and brought into the record by bill of exceptions, and can not be saved merely by assignment in a motion for new trial. 88 Ark. 505.

2. The crime of burglary and grand larceny may be charged in one indictment. There were two counts in the indictment and defendant was plainly found guilty on both counts. C. & M. Digest, § 3016; 71 Ark. 82.

3. The evidence was sufficient to warrant the verdict, and it was sufficiently corroborated. 24 R. C. L. 779. There was sufficient corroborative testimony independent of the two accomplices to warrant the jury in finding defendant guilty.

HUMPHREYS, J. Appellant was indicted, tried and convicted in the Chicot Circuit Court for the crimes of burglary and grand larceny committed by breaking and entering a box car in the night time and taking from the possession of the Missouri Pacific Railroad Company meat of the value of $150, and his punishment was assessed for the former at five years in the penitentiary, and for the latter at two years. From the judgments of conviction an appeal has been duly prosecuted to this court.

The convictions were procured on the testimony of St. Claire Crane and Sam Lynch, accomplices in the alleged crimes, Fred Morris and C. W. Tillman, agent and clerk, respectively, of the Missouri Pacific Railroad Company, Tom Baker and Harry Donaldson.

The evidence disclosed that, on the night of December 5, 1920, four cases of wrapped bacon, weighing about 500 pounds, manufactured by the Independence Packing Company of Kansas City, Missouri, of the value of twenty cents per pound, were stolen from a sealed car at Eudora, Arkansas, same being in the possession of the Missouri Pacific Railroad Company. The accomplices testified, in substance, that they, in connection with Clarence Snell and appellant, broke the seal of a box car at Eudora, Chicot County, Arkansas, on the night of December 5, 1920, and stole meat of the value of about $100.

Tom Baker testified that, in the month of December, appellant tried to sell him some meat; and Harry Donaldson that, in the same month, appellant tried to swap him some smoked meat for meal.

The evidence disclosed that appellant was not a dealer in meats.

Appellant contends that the evidence of the accomplices in the crimes is not sufficiently corroborated to warrant the conviction, under Crawford & Moses' Digest, section 3181, which is as follows: "A conviction can not be had in any case of felony upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof. Provided, in misdemeanor cases a conviction may be had upon the testimony of an accomplice."

This court said, in the case of *Vaughan* v. *State,* 58 Ark. 353, in construing the statute in relation to felonies, that the corroborating evidence "must relate to material facts which go to the identity of defendant in connection with the crime." The corroborating evidence in the instant case is to the effect that near about the time the offenses were committed appellant was attempting to sell or trade smoked meat. Appellant was not engaged in the meat business. It was too early in the season for

farmers, or others who had killed hogs in the fall, to have smoked meat for sale. It is a matter of common knowledge that wrapped bacon, put up by manufacturing houses, has been smoked, and, at that season of the year, is the only kind of smoked meat on the market. We think the corroborating evidence was of a substantial character, independent of the statement of the accomplices, tending to connect the defendant with the commission of the crimes. The evidence in the whole case was therefore sufficient to sustain the conviction.

No error appearing, the judgment is affirmed.