GREEN v. STATE.

Opinion delivered September 28, 1925.

1. LARCENY—UNEXPLAINED POSSESSION OF STOLEN PROPERTY.—The unexplained possession of recently stolen property constitutes legally sufficient evidence of guilt of larceny.

2. LARCENY—SUFFICIENCY OF EVIDENCE.—Evidence in a larceny case held sufficient to sustain a finding that defendant's explanation of his possession of property recently stolen was insufficient to establish his innocence.

Appeal from Pulaski Circuit Court, First Division; *John W. Wade,* Judge; affirmed.

*Booker & Booker,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J. Appellant was indicted for the crimes of burglary and grand larceny, the indictment in two counts alleging that he broke and entered the store house of Geyer & Adams, a corporation, with the intent to commit the crime of grand larceny, and that he committed the last-mentioned crime by stealing a case of cigarettes, containing 22,000, and a lot of tobacco, all the property of said corporation. On the trial the jury returned a verdict of not guilty as to the charge of burglary, but convicted appellant of the crime of grand larceny. The instructions submitting the issues to the jury were not objected to, and the only question raised on the appeal is that of the legal sufficiency of the evidence.

The evidence establishes the fact that the store house of Geyer & Adams was broken into on the night of March 6, 1925. and that a case of cigarettes and a lot of tobacco were stolen. The only evidence connecting appellant

with the theft was proof of his possession of a part of
the stolen property on the night of the burglary. A police
officer testified that shortly after twelve o'clock on the
night in question he arrested appellant with the stolen
cigarettes in his possession. The officer testified that he
was walking along his beat, within two blocks of the store
of Geyer & Adams, and observed appellant taking the
cigarettes out of a pasteboard box or carton, in which they
had been originally received, and putting them in a sack,
that appellant tore the box into two parts and, after put-
ting the cigarettes into the sack, threw them across his
shoulder and walked away, whereupon he followed appel-
lant and stopped him, and asked him what he had, and
appellant replied that he had cigarettes. The officer tes-
tified that he picked up one-half of the box, which had
the name of Geyer & Adams stamped on it.

It is conceded that the lot of cigarettes found in
appellant's possession was stolen from the store of Geyer
& Adams, but appellant contends that he found them in
the street, and put them in the sack in order to take care
of them for the owner. He testified that he found the
box of cigarettes on the street under an arc light, and
that the box was torn in two parts; that he saw a flash-
light in or about the O'Leary store, a short distance
away, and went there for the purpose of informing the
person of the finding of the cigarettes, but when he got
there the person had disappeared, and that thereupon he
found a sack and put the cigarettes into it and started
home, when the officer overtook him and arrested him.

It will be noted that there is a sharp conflict between
the testimony of appellant and that of the officer in one
respect, that is in regard to the box being torn. Appel-
lant testified that he found the box torn in two parts, but
the officer testified that appellant tore it apart himself.
Appellant testified that he had been to a picture show
that night, and was returning home and found the ciga-
rettes on the street.

It has been decided by this court that unexplained
possession of recently stolen property constitutes legally

sufficient evidence of guilt of the larceny. The trial jury is warranted in drawing the inference of guilt or innocence according to the reasonableness of the explanation of the possession, weighed in the light of the particular circumstances of the case. Tested by this rule, we are of the opinion that the evidence in the case is legally sufficient to support the verdict of the jury. The jury were warranted in reaching the conclusion that appellant's explanation of his conduct was not consistent with innocent possession of the stolen property.

Judgment affirmed.