MANKEY *v.* STATE.

Cr. 3986

Opinion delivered June 22, 1936.

*H. S. Grant,* for appellant.

*Carl E. Bailey,* Attorney General, and *Guy E. Williams,* Assistant, for appellee.

BUTLER, J. Appellant was indicted, tried and convicted for stealing a hog. The sole ground urged for reversal is that the verdict is not supported by substantial competent testimony. Briefly stated, the evidence

is to the effect that on a certain day in March, 1935, appellant sold a hog to J. O. Campbell and delivered it to him in his lot. When Campbell went to the lot the next morning, he discovered the hog was gone and saw a mark on the ground indicating that it had been dragged to the road and walked on its fore legs down it. A boy, Carl Simons, testified that the night the hog was stolen he was standing in front of a little restaurant when appellant came by with a hog, and asked witness to help him take it to his home. Appellant told him that the hog belonged to Campbell, and that witness should say nothing about its being in his possession. Witness went with appellant, driving the hog along the road, until they reached appellant's home where they put the hog in a small chicken house. On cross-examination, this witness testified in a manner from which his animus against the appellant might be inferred. It appeared, however, that this was created in his mind after he had testified before the grand jury and disclosed to that body the facts to which he testified on the trial of the case.

It is insisted that Simons was an accomplice of the appellant in the commission of the larceny, and that his testimony was not corroborated. We think the facts establish that relation to the appellant as to the commission of the crime. In *Murphy* v. *State,* 130 Ark. 353, 197 S. W. 585, the following definition of "accomplice" was adopted. "An accomplice in the full and generally accepted legal signification of the word is one who in any manner participates in the criminality of an act, whether he is considered in strict legal propriety as a principal in the first or second degree or merely as an accessory before or after the fact." Under § 3181 of Crawford & Moses' Digest, a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The amount of corroborating evidence necessary, however, is a question for the jury. *Kennedy* v. *State,* 115 Ark. 480, 171 S. W. 878. If, therefore, there is any substantial evidence tending to connect the defendant with the commission of the crime, although it may be slight, it will be sufficient

to support the jury's verdict.  *Townsend* v. *State,* 148 Ark. 573, 231 S. W. 1.

It was in evidence that the chicken house, said by Simons to be the place where the hog was taken and confined, was in a condition that made it insecure, and the day following the larceny the hog was discovered in a rice field, the location of which with respect to appellant's home not being disclosed by the evidence.  It was further in evidence that on the night of the larceny two men were seen driving a hog along the road in the direction of appellant's home.  The witness was unable to distinguish more than the general outlines of the two men, but stated they approximated the height of appellant and Simons.  This corroborating evidence, while not altogether satisfactory and convincing, is sufficient under our decisions to warrant the submission of the case to the jury as to the sufficiency of the evidence to corroborate the testimony of Simons, the accomplice. The case must, therefore, be affirmed.

It is so ordered.