PADGETT v. STATE.

4476                                          207 S. W. 2d 719

Opinion delivered January 19, 1948.

Rehearing denied February 16, 1948.

*W. J. Dungan,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McHANEY, Justice. Appellant was charged by information with the crime of grand larceny for the stealing of a cow on May 27, 1947, the property of Tom Reeves. On a trial for said offense he was convicted and sentenced to two years in the penitentiary, from which he has appealed.

For a reversal of the judgment against him, he makes two arguments: one, the insufficiency of the evidence to sustain the verdict and judgment, and, two, the lack of corroboration of the two accomplices who testified against him.

It is undisputed that the cow of Tom Reeves was stolen on the night of May 27; that the two young men who testified for the State, Miles Roberson and Curtis Webb, made a deal with appellant to haul the cow in his truck to Jonesboro for sale and agreed to pay him $25 for so doing; that he was to pick up the cow on the highway, sometime on the night of May 27, between 12 and 2 or 3 a. m., at the S curve on said highway below Tip; that the cow was in the lot or pasture of one Scott, about one-half mile from the loading place on the highway; that Roberson and Webb took the cow from the Scott place with a rope about 10 p. m. and tied her up at the appointed place to a tree to await the arrival of appellant and his truck; and that appellant came some time between 12 and 3 that night and the cow was loaded on his truck and taken to Jonesboro over a route not the nearest and most direct, where she was sold and appellant paid the $25 agreed upon for the hauling.

Some of the evidence is in dispute. Appellant says he did not know the cow was stolen, but in this he is contradicted, not only by the accomplices, Roberson and Webb who say they told him the cow was "hot," meaning it was stolen, but by all the circumstances surrounding the whole matter. The time of night, the calling of appellant off out of the hearing of others to make the deal with him to do the hauling, the price paid, the route taken to Jonesboro, the denial by appellant to the officers that he hauled the cow, his admission that he had once before hauled stolen cattle, the tracks of the cow at the tree where she was tied near a vacant house on the highway at the S curve, and other facts and circumstances all tend to show that appellant was standing by, and was actively aiding, abetting and assisting Roberson and Webb in the asportation of the cow, if not the actual theft. While Roberson and Webb actually took the cow from the Scott place the larceny was not fully accomplished until she was removed, and it is undisputed that appellant completed the asportation. We think this evidence amply sufficient, not only to support the verdict and judgment against him, but also to corroborate the testimony of the accomplices.

The court fully and fairly instructed the jury on the law of larceny, accessories, the testimony of accomplices as provided in § 4017 of Pope's Digest, and other general instructions on reasonable doubt, presumption of innocence, etc. No objections or exceptions were made to the instructions given or refused, except the request for a directed verdict for appellant, which the court properly refused.

It is too well settled for dispute that, if there is any substantial evidence to support the verdict, we must permit it to stand, and in determining this question we must view the evidence in the light most favorable to the State. Also it is well settled, as the court instructed the jury, that the amount of the corroborating evidence of the accomplices is a question of fact for the jury. *Kennedy* v. *State,* 115 Ark. 480, 171 S. W. 878; *Mankey* v. *State,* 192 Ark. 901, 96 S. W. 2d 463. In the latter case, after so holding, we said: "If, therefore, there is any substantial evidence tending to connect the defendant with the commission of the crime, although it may be slight, it will be sufficient to support the jury's verdict. *Townsend* v. *State,* 148 Ark. 573, 231 S. W. 1." Here, such evidence tending to connect appellant with the commission of the crime is not slight. It is admitted by him that, pursuant to arrangements made with Roberson and Webb, he went to the appointed place, in the dead hours of night, and picked up the stolen cow and hauled her to market.

The judgment is correct and is affirmed.