BRIGHT *v.* STATE.

4481    208 S. W. 2d 168

Opinion delivered February 9, 1948.

*M. V. Moody,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. The only error urged is that testimony of accomplices was not corroborated. Pope's Digest, § 4017.

Estes Bright, with Elmer, Chester, and Harvey Davis—appellant's half brothers—were charged with having feloniously entered the Bailey Chevrolet Building at Cabot and stealing an iron safe containing money. Grand larceny was predicated upon theft of $210. Bright was found guilty on both charges and his punishment fixed at six years in prison. The three Davis brothers entered pleas of guilty, but had not been sentenced when Bright was tried.

The Davis brothers, with appellant, came to Arkansas from Oklahoma. Appellant's wife's parents lived near Cabot. The trip to Arkansas was made in a 1947 "Fleetline" Chevrolet owned by Chester. It had a green body and was "bluish" on top. On two occasions—Sunday preceding the burglary that night, and probably Saturday—appellant was seen with the three Davis boys. They bought cold drinks in Cabot from a man named Goforth. H. R. Peterson, State investigator, took casts of automobile tracks left near the Bailey building. The moulages corresponded with designs on the Fleetline Chevrolet Chester Davis owned. Appellant's wife, who was with her parents, testified that her husband was away from home Sunday night from about 9:30 to "around eleven o'clock." There was testimony that when arrested several days after the crimes, appellant told an officer he was not "copping" anything.

The three Davis brothers testified in detail. They told how a window was broken and entrance gained through it; how the safe was placed in the Chevrolet and taken about two miles, where it was opened near a culvert. Appellant assisted with all operations. The content—approximately $210—was divided. The Davis boys then drove to North Little Rock and spent the night. Monday morning they read in newspapers that the burglary had been discovered, and that E. L. Bailey claimed

$6,000 had been taken. The Davis brothers, in an effort to recoup a loss they then thought due to inefficiency, drove back to the culvert, but could not find the money Bailey claimed the safe contained. When arrested and confronted with the charge that $6,000 had been taken, appellant is alleged to have asserted, "We didn't get $6,000." All of the officers who testified agreed that Bright consistently denied participating, but remarked that he was "like the Negro who was caught working the combination on a safe."

The statute relied upon by appellant has been cited too often to need amplification. Corroboration is not sufficient if it merely shows the offense was committed and circumstances attending it. The independent evidence must "tend" to connect a defendant with the crime. Sufficiency of corroboration has been held to be a jury question. But suspicion, though founded on moral belief, does not meet the test. As Mr. Justice KNOX said in *Underwood* v. *State*, 205 Ark. 864, 171 S. W. 2d 304, the corroborating testimony must be of a substantial character "which, of itself and independently of the statement[s] of the accomplice[s], tends in some degree to connect the defendant with the commission of the crime, although such evidence need not in itself be sufficient to support a conviction."

It is not contended that money found on appellant was sufficient in amount to form the basis for an independent presumption of guilt. There are circumstances from which it may be supposed that appellant was with the three who have confessed, but no testimony other than that given by the accomplices placed Bright near the scene of action. We might readily agree with the jury that appellant's innocence is inconceivable; but this conclusion would rest entirely upon testimony of the accomplices, the defendant's bad reputation, (he had served a prison term for burglary and grand larceny, beginning in 1938) and upon the fact that he was with his half brothers an hour or two before the breaking took place.

Because there was no substantial corroboration, the judgment is reversed. The cause, however, is remanded.