426

4744                                   261 S. W. 2d 1

Opinion delivered October 5, 1953.

*Cole & Epperson* and *W. H. McClellan,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Assistant Attorney General, for appellee.

George Rose Smith, J.   Doyle N. Whitten, charged with the murder of Johnny Elmore, was found guilty of voluntary manslaughter and sentenced to imprisonment for two years.

The homicide occurred soon after midnight on the morning of September 21, 1952. Whitten and his wife had been separated for some time; Mrs. Whitten was living at the home of her father. The State's proof showed that Whitten, having learned that his wife was out with another man, drove to his father-in-law's house and waited outside with a rifle. Within about two hours Elmore and Mrs. Whitten arrived in a truck. The State's contention is that Whitten then fired at the cab of the truck and fatally wounded Elmore. Whitten's testimony is that as he was walking toward the truck his foot slipped in a small ditch and the rifle was discharged accidentally.

Clarence Montgomery, a state policeman, investigated the killing within an hour or so after it took place. He testified that Whitten then stated that he shot Elmore because of his being out with Whitten's wife. On cross-

examination the defense sought to show that Whitten had also told Montgomery that he had slipped in a gully when the gun discharged. The court sustained the State's objection to this testimony, on the ground that such a statement would be self-serving.

This ruling was erroneous. We have often held that when the State introduces part of the accused's confession, he is entitled to prove other relevant parts of the confession, despite their being exculpatory or self-serving. *Williams* v. *State,* 69 Ark. 599, 65 S. W. 103; *King* v. *State,* 117 Ark. 82, 173 S. W. 852; *Smith* v. *State,* 216 Ark. 1, 223 S. W. 2d 1011. This rule is evidently sound, for a statement must usually be read in its context if the speaker's exact meaning is to be determined. Of course it is for the jury to decide what weight is to be given to the defendant's contemporaneous explanations, but the prosecution cannot be permitted to offer only such excerpts as are damaging to the accused and to exclude from the jury's consideration other statements that are relevant to an understanding of the whole.

Reversed and remanded.