KNIGHT & JOHNSON *v.* STATE.

4877                                                    308 S. W. 2d 821

Opinion delivered January 13, 1958.

*John F. Gibson,* for Appellant Knight; *Clifton Bond,* for appellant Johnson.

*Bruce Bennett, Atty. General; Roy Finch, Jr., Chief Asst. Atty. General,* for appellee.

PAUL WARD, Associate Justice.   On September 30, 1956, at approximately 3:30 A.M., James Harper's Pan Am Service Station at Warren, Arkansas, was entered and a cash register valued at approximately $300, containing about $35, was taken, and the cash register was thrown in the Saline River near Warren.   Calvin McGehee, age 21, Jerry Lawrence, age 18, J. C. Adams, age 18, and Rudolph Herrod, age 18, all of Warren, Arkansas, entered pleas of guilty to entering the station and taking the cash register and money.   They stated that appellant Terrell V. Johnson, who was an employee of the burglarized station, had previously given Calvin McGehee a key to the side door of the station for the purpose of entering the station.   They stated that appellant Ray Knight, an ex-policeman of Warren, had conferred with and encouraged them to commit the crime, allegedly, in an effort to embarrass the city police officers.

On February 4, 1957 appellants, Knight and Johnson, were indicted for the crime of burglary and grand larceny in connection with the above described incident, and on February 8, 1957 they were tried jointly, and convicted as charged. Knight was sentenced to 5 years in the penitentiary and Johnson was sentenced to 2 years in the penitentiary. They prosecute this appeal from said convictions and sentences.

The two appellants are represented by different attorneys and they have filed separate briefs in which they rely upon somewhat different grounds for a reversal.

*Knight* relies upon three separate grounds, in his brief, which we now discuss in the order named.

*One.* Appellant contends that it was error for the court to refuse to direct a verdict of not guilty at the close of the State's testimony. In support of this contention appellant says there is no corroborating testimony of the accomplices and, also, that the trial court failed to properly instruct the jury during process of the trial. We do not agree with either of appellant's contentions.

As pointed out by appellant, Ark. Stats. § 43-2116 provides that a conviction can not be based upon the testimony of an accomplice unless corroborated by other evidence "tending to connect the defendant (Knight) with the commission of the offense." We agree, as also pointed out by appellant, that mere suspicion does not meet the test above set forth. See *Bright* v. *State,* 212 Ark. 852, 208 S. W. 2d 168. We have consistently held that the sufficiency of the corroborating testimony in such instances is a matter for the jury to decide. See: *Kennedy* v. *State,* 115 Ark. 480, 171 S. W. 878; *Mankey* v. *State,* 192 Ark. 901, 96 S. W. 2d 463; and *McClure* v. *State,* 214 Ark. 159, 215 S. W. 2d 524. After a careful review of the record we are convinced that there is substantial corroborative testimony to support the verdict of guilty by the jury. James Harper, the owner of the filling station, said Knight came to him voluntarily and offered to take him to where the cash register was for

the $100 reward which had been offered for its return. A State Policeman said Knight told him and the sheriff about two weeks after the burglary who had committed the crime. The sheriff said that the next day after the burglary Knight told him he was under the bridge when the boys threw the cash register in the river and he knew who did it. Later Knight told the sheriff he talked with some of the boys at the Economy Station (near the burglarized station) about the burglary and knew they were going to commit the theft, and, according to the sheriff, Knight admitted the boys later told him what they had done. The above testimony was, we think, substantial corroboration as required by the rules announced by our decisions.

Appellant says the trial court improperly instructed the jury regarding the amount of corroboration necessary. When Calvin McGehee was asked whether Knight had anything to do with the burglary, the court was asked to tell the jury that the witness was an accomplice and that his testimony could be considered only as such in accordance with later instructions. The court did, at that time, so instruct the jury, but in doing so he said "there must be some fact, some evidence, however, slight, to connect the defendant with the commission of the crime outside of the evidence of the accomplice". Appellant objects to the words, "however slight," used above. Even if it be conceded that these words were used inadvisedly, still we think any possible error was cured and any possible prejudice was erased by proper instructions later given by the court. The words above mentioned were used by the trial court during the trial of the case and were not intended as an instruction to the jury. The statement of explanation was made by the court to the jury at the request of the defendant. If appellant objected to any particular words used by the court, he should have pointed them out at the time. This he failed to do, and cannot now be heard to complain.

*Two.* Harper was asked by the State if he received any money from any of the accused by way of restitution, and in replying in the affirmative he mentioned appellant's name. The witness was immediately inter-

rupted by an objection on behalf of the appellant. Thereupon the court cautioned the jury to disregard the testimony. The court also asked the jurors if they could do that and all of them held up their hands to indicate they could. From this it is hard to see how any prejudice could have resulted to appellant. Moreover, appellant is in no position to urge a reversal on this ground because it was not brought forward in his motion for a new trial.

*Three.* Finally it is contended that the court committed reversible error in allowing the introduction of certain testimony relative to crimes committed by appellant, or within his knowledge. When a question of this nature was asked of Jerry Lawrence, an objection was immediately interposed. Thereupon the court limited the testimony to ''a scheme between this ex-officer or officer at the time and these young men.'' After this the witness was allowed to say he and appellant, with some of the other boys, had siphoned gas out of cars. Again we are not called upon to decide whether the above testimony was erroneously admitted, because no such contention was brought forward in the motion for a new trial.

We have considered other assignments of error mentioned in the motion for a new trial, including a general objection to the instructions, but find no reversible error. Therefore the case is affirmed as to appellant, Ray Knight.

*Johnson* seeks a reversal on four separate grounds set forth in his brief but we deem it unnecessary to discuss all of them, because we have concluded the case must be reversed and remanded for a new trial, as to him, on a combination of two of the grounds.

It is not contended by the State that Johnson was present when the robbery occurred, or that he even knew it was going to take place. His conviction rests solely upon the testimony of an accomplice, Calvin McGehee, to the effect that Johnson gave him a key to the filling station, and upon certain alleged admissions, to the same effect, made by appellant to the sheriff. Nei-

ther of these sources of testimony is definite or convincing. One of McGehee's accomplices testified that McGehee told him that he (McGehee) stole the key (used to enter the filling station) from appellant. McGehee later said that Johnson gave him the key some 3 or 4 months previously. In fact McGehee stated he had forgotten he even had the key until they decided to rob the filling station. None of the four accomplices claim the intended robbery was ever mentioned to Johnson before it was executed. Outside of this decidedly weak testimony on the part of Johnson's accomplice, there is no substantial testimony tending to connect him with the crime. The strongest testimony in the record of this nature is that of the sheriff, and it is far from positive. He says appellant admitted, after much hesitation, that he gave the key to McGehee. This, standing alone, would of course be substantial evidence to sustain a jury's verdict, but its evidentiary force is weakened if not erased entirely by other facts and circumstances. Appellant admits, and he is corroborated by McGehee, that he gave a bunch of keys to McGehee several weeks or months before the robbery. It seems that the purpose was not a laudable one but it definitely was not for the purpose of committing the robbery in question — perhaps explaining why appellant was reluctant to admit giving the keys to McGehee. Also, the sheriff, with commendable frankness, admits that appellant never did say he gave the key to McGehee to rob the filling station. In addition, there are numerous circumstances which tend to show appellant took no part in the robbery. He was not present, he did not know the boys were going to rob the station, he knew of $1,000 concealed in the station but did not tell the four boys anything about it, and he did not get any of the money which was taken.

From a study of the record it seems that one of the strongest incriminating circumstances against Johnson and one which could have been the deciding factor with the jury, was that McGehee knew which key (of a large number of keys given to him by appellant) would unlock the side door to the filling station. This

circumstance, unexplained, would indicate appellant must have pointed out to McGehee the proper key.

In view of the above circumstance and in view of the weakness of the testimony against appellant as heretofore set out, we have concluded that appellant's motion for a new trial on the ground of newly discovered evidence should have been granted. In this motion, appellant set out that, after the trial was over, Mrs. Harper Wolfe of Warren informed him that Calvin McGehee had formerly worked at the filling station which was robbed. The form and sufficiency of other material allegations in the motion are not questioned.

From what has already been stated, the relevancy and importance of Mrs. Wolfe's testimony is apparent.

We have concluded therefore, that the judgment against Johnson should be reversed, and that the cause should be remanded for a new trial consistent with this opinion. It is so ordered.