MILLER *v.* STATE.

4925                                              321 S. W. 2d 199

Opinion delivered March 2, 1959.

*Ted McCastlain* and *Wm. M. Stocks,* for appellant.

*Bruce Bennett,* Atty. General, by *Bill J. Davis,* Asst. Atty. General, for appellee.

GEORGE ROSE SMITH, J. The appellant was convicted of grand larceny and sentenced to serve a year and a half in the penitentiary. The main issue is whether the testimony of Lewis Odem, an alleged accomplice, was sufficiently corroborated. Ark. Stats. 1947, § 43-2116.

The State proved that the stolen property, a surveyor's transit, was taken from a locked tool shed at a construction project in Cotton Plant and was later sold to Paul Mathis by the accomplice, Odem. Miller was employed at the time as a bricklayer on the construction job. Odem testified that he and Miller drove to the tool shed in Odem's car, broke the lock on the door, and took the transit. Odem is a confessed thief, with an exten-

sive criminal record, and there was bad feeling between him and Miller as a result of Odem's having molested Miller's wife.

Miller has steadfastly denied any connection with the crime. The only evidence, other than Odem's testimony, that tends to implicate Miller is an admission assertedly made by him while he was awaiting trial. The police placed Odem's son Leon, also a convicted felon, in a jail cell with Miller, with instructions to draw Miller into a discussion of the theft. Leon testified that he asked Miller "if he was with my father when this tripod was sold to Mathis, and he said he was not with him; that my father dropped him at his house, and from there it was a one-man deal." A police officer, listening in the next room, remembered Miller's answer as, "No, no, no; Lord, when I got out it was a one-man deal from there on." Miller testified that his words were, "No, that was a one-man deal all the way through."

Doubtless the jury accepted the version given by Leon and the officer, but even so the corroboration is legally insufficient. Miller's statement is not an affirmative admission of complicity; at most it indirectly suggests that what ended as a one-man deal may have begun as a joint enterprise. A similar implication was considered in *Bright* v. *State*, 212 Ark. 852, 208 S. W. 2d 168, where thieves had taken $210 from a safe, but the loss was reported as having been $6,000. Upon being questioned, Bright asserted, "We didn't get $6,000." Although this statement might be construed as a concession that Bright and his accomplices had gotten some lesser amount, we held that it was not substantial corroboration of the accomplices' testimony. That case controls this one.

One other matter should be mentioned, in case the State elects to retry the accused with the expectation of producing additional corroborative evidence. The conversation between Miller and Leon Odem was apparently preserved by means of a concealed tape recorder. Should the recording be offered in evidence upon a new trial, the appellant is correct in his contention that the

jury should hear all relevant parts of the discussion rather than the single question and answer we have mentioned. *Whitten* v. *State,* 222 Ark. 426, 261 S. W. 2d 1. Needless to say, the recorded admission will not alone satisfy the State's burden of producing corroboration.

Reversed.