Quillen v. State.

4962                                    332 S. W. 2d 811

Opinion delivered March 14, 1960.

William I. Purifoy, for appellant.

Bruce Bennett, Atty. General, By: Thorp Thomas, Asst. Atty. General, for appellee.

Sam Robinson, Associate Justice. Appellant was convicted on a charge of robbing a filling station. After he was arrested he gave the officers a written confession of his guilt. The confession included the admission of guilt of other crimes not connected with the filling station robbery.

During the trial the prosecution introduced that part of the confession pertaining to the crime for which the defendant was then being tried. When the confession was offered in evidence, defendant objected because the State did not offer the entire confession instead of just the relevant parts of it. In ruling that the State could introduce only the relevant parts of the confession the trial court stated that the defendant could introduce the other parts of the confession if he so desired, but the defendant did not choose to introduce in evidence the other parts. It is hard to see how the defendant was prejudiced in any manner by the court's ruling on the point. Whitten v. State, 222 Ark. 426, was reversed because the entire confession was not put in evidence, but there certain parts of the confession that may have been beneficial to the de-

fendant were deleted. In the case at bar, however, it cannot be said that the parts of the confession not introduced in evidence were in any way helpful to the defendant.

Affirmed.