STATE of Wisconsin, Plaintiff-Respondent,

v.

Miguel Angel SANTANA-LOPEZ, Defendant-Appellant.

Court of Appeals

*No. 99–0742–CR.  Submitted on briefs May 1, 2000.—Decided May 9, 2000.*

2000 WI App 122

(Also reported in 613 N.W.2d 918.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *Anderegg & Mutschler, LLP,* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Sandra L. Tarver,* assistant attorney general.

Before Fine, Schudson and Curley, JJ.

¶ 1. FINE, J. Miguel Angel Santana-Lopez appeals from a judgment entered on a jury verdict convicting him of first-degree sexual assault of a child, *see*

WIS. STAT. § 948.02(1).[1] He claims that the trial court erroneously exercised its discretion in preventing him from testifying that he offered to take a DNA test. We agree and remand for further proceedings.

## I.

¶ 2. Santana-Lopez, now fifty years old, was charged and convicted of forcibly licking, and penetrating with his finger, the vaginal area of the six-year-old granddaughter of the woman with whom he lived. On the second day of trial, the prosecutor told the trial court that Santana-Lopez told the police that "he would take a polygraph and DNA tests." The prosecutor wanted the trial court to exclude evidence of Santana-Lopez's offer to take a polygraph examination. The trial court then discussed the matter with Santana-Lopez's trial lawyer:

> THE COURT: Ms. Ramirez, was it your intention to illicit [*sic*] such testimony?
> MS. RAMIREZ: It wasn't my intention, Your Honor, but my client has told me that repeatedly. And I don't know if he will say that he offered to

---

[1] The notice of appeal states that it is from a "Judgment and Order entered on May 15, 1998." The judgment of conviction was entered on May 18, 1998. There is no trial court order entered on May 15, 1998, or on any day close to that date, other than the order to the sheriff to "execute this sentence," which is printed on the face of the judgment. We construe the notice of appeal as an appeal from the May 18 judgment. *See* WIS. STAT. RULE 805.18(1) ("The court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."), incorporated into appellate practice by WIS. STAT. RULE 809.84.

334

take DNA tests or polygraph tests in his conversation with Detective Hoering.

THE COURT: Well, I assume that you have discussed that with him that that would be inappropriate. An offer to take a polygraph is not admissible and relevant and an offer to submit DNA is not admissible and relevant and it shouldn't be offered as testimony by the defendant in this case. That would be highly objectionable.

I will enter that order at this time that no such testimony shall be offered. It is inadmissible and irrelevant.

There was a recess to allow Santana-Lopez's lawyer and interpreter to confer with him. When proceedings resumed, the prosecutor clarified her request for the trial court:

MS. SKWIERAWSKI: Judge, I'm just concerned because I only want the part about the polygraph excluded, and I am concerned about the DNA part because it is a legal test. It is something that speaks directly I think to his— I have essentially confirmed with other attorneys in my office, and I don't want to have to do this trial again perhaps because I know that the DNA is one of their big defenses that it was not done, and I think he has the right to say he was willing to have a test that is legal. And I can talk about and we have already talked about in court. And I am just concerned if we stop him from talking about that in particular there might be issues.

I am willing to say that it's okay for him just to say he has offered to take a DNA test because I think I have argument out there about why it wasn't done. But that strikes me that is going to be one of the things that speaks directly to I think his thoughts of his own innocence.

The trial court disagreed:

> THE COURT: There isn't any evidence in this case about DNA testing when it could or could not have been done in this case. We don't have any expert witnesses here to explain under what circumstances a specimen can be, evidence specimens can be retrieved from a victim and how those specimens can be tested against known standards taken from swabs. We don't have any expert testimony about that.
>
> So to get into the whole issues [sic] is going to confuse the jury unless we call in an expert to say those couldn't be retrieved. We have it in very vague terms as a matter of protocol the police department if it is after 48 hours but we don't have any expert testimony about how and why that is done, and I mean if that was going to be anticipated as a defense and as something that had to be rebutted by the prosecution we need an expert to come in here and explain that. Either somebody from Sexual Assault Treatment Center who routinely does this stuff and knows how the protocol is or someone from the crime lab who would do the same thing.

After additional colloquy, Santana-Lopez's trial lawyer reiterated her position:

> MS. RAMIREZ: And it is relevant when that would go as to his state of mind to show that he believed he was innocent so he offered to do anything that they wanted him to do.
>
> THE COURT: No, that's not relevant. The question here is whether he did or did not assault this child and whether he had a certain state of mind at the time he made the statement to the police officer is not the issue.

336

## II.

■

¶ 3.   A trial court's decision to admit or exclude evidence is a discretionary determination and will not be upset on appeal if it has "a reasonable basis" and was made " 'in accordance with accepted legal standards and in accordance with the facts of record.' " *State v. Pharr*, 115 Wis. 2d 334, 342, 340 N.W.2d 498, 501 (1983) (citation omitted). As we see below, the trial court misapplied the law in ruling that Santana-Lopez's offer to undergo a DNA test was not relevant.

■

¶ 4.   As the State concedes in its appellate brief, both an offer to take a polygraph test and an offer to undergo a DNA analysis are relevant to the state of mind of the person making the offer—so long as the person making the offer believes that the test or analysis is possible, accurate, and admissible.[2] *See State v. Hoffman*, 106 Wis. 2d 185, 217, 316 N.W.2d 143, 160 (Ct. App. 1982) ("an offer to take a polygraph examination is relevant to an assessment of the offeror's credibility and may be admissible for that purpose,"

---

[2] The State's brief before us notes:

The admissibility of a defendant's offer to take a DNA test is similar to the admissibility of a defendant's offer to take a polygraph exam. An offer to take a polygraph examination may be relevant and admissible to bolster the offeror's credibility. *See State v. Hoffman*, 106 Wis. 2d 185, 217, 316 N.W.2d 143 (Ct. App. 1982) (citing *Lhost v. State*, 85 Wis. 2d 620, 634 n.4, 271 N.W.2d 121 (1978)).

(Footnote omitted.) The results of lie-detector tests are not admissible in Wisconsin. *See State v. Dean*, 103 Wis. 2d 228, 307 N.W.2d 628 (1981). The results of DNA tests are admissible. *See State v. Peters*, 192 Wis. 2d 674, 685–693, 534 N.W.2d 867, 871–874 (Ct. App. 1995).

even though the test results might not be admissible);[3] *cf. Hemauer v. State*, 64 Wis. 2d 62, 74–76, 218 N.W.2d 342, 348 (1974) (offer to take polygraph test not admissible where tests results would not be admissible—no argument that defendant believed that the results would have been admissible); *United States v. Harris*, 9 F.3d 493, 502 (6th Cir. 1993) (failure to agree to the admissibility of polygraph test results irrespective of outcome rendered willingness to take test only "marginally relevant"); *Milenkovic v. State*, 86 Wis. 2d 272, 282–285 272 N.W.2d 320, 325–326 (Ct. App. 1978) (relevance of motive of alleged rape victim to lie about the sexual assault so as to hide from boyfriend source of her venereal disease depends on a showing that the alleged rape victim believed her boyfriend did not know prior to the alleged assault that she had the disease). Simply put, an offer to undergo DNA testing, like an offer to take a polygraph examination, may reflect a consciousness of innocence.

¶ 5.  As with evidence bearing directly on consciousness of guilt, *see, e.g., State v. Schirmang*, 210 Wis. 2d 324, 331–332, 565 N.W.2d 225, 228 (Ct. App. 1997) (refusal to submit to mandatory blood-alcohol testing relevant to defendant's consciousness of guilt), evidence bearing directly on consciousness of innocence is also relevant, *see Hoffman*, 106 Wis. 2d at 217, 316 N.W.2d at 160; *United States v. Biaggi*, 909 F.2d 662, 690–691 (2d Cir. 1990) (rejected offer of immunity from prosecution: "a jury is entitled to believe that most

[3] Santana-Lopez does not argue on appeal that the trial court erred in excluding evidence that he offered to take a polygraph examination. Accordingly, that issue is waived, *see Reiman Assocs., Inc. v. R/A Advertising, Inc.*, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292, 294 n.1 (Ct. App. 1981).

people would jump at the chance to obtain an assurance of immunity from prosecution and to infer from rejection of the offer that the accused lacks knowledge of wrongdoing"), *cert. denied*, 499 U.S. 904. Santana-Lopez's offer to undergo DNA testing reflects a consciousness of innocence, however, only if he believed that such testing would indicate whether he assaulted the child; his offer to undergo such testing would have been a mere hollow gesture if he knew that such testing would reveal nothing where oral and digital sexual assault is alleged.

■

¶ 6. The trial court did not permit Santana-Lopez to establish the necessary evidentiary foundation relating to the relevance of his offer to undergo DNA testing, despite the prosecutor's concession that his offer, in her words, "speaks directly to I think his thoughts of his own innocence." Rather, the trial court ruled flatly that the evidence was "not relevant" because, as the trial court phrased it, "whether he had a certain state of mind at the time he made the statement to the police officer is not the issue." The trial court erred in ruling that Santana-Lopez's state of mind was not relevant and thus erroneously exercised its discretion.[4]

---

[4] In an argument set out only in a footnote, the State contends that Santana-Lopez's offer to undergo DNA testing was inadmissible hearsay, and that we should affirm the trial court on that ground. *See State v. Holt*, 128 Wis. 2d 110, 124–125, 382 N.W.2d 679, 687 (Ct. App. 1985) (an appellate court may affirm a trial court's correct ruling irrespective of the trial court's rationale). We reject the State's contention for two reasons. As in the Second Circuit, " 'We do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review.' " *Badger III Ltd. Partnership v. Howard, Needles,*

¶ 7. We remand this case to the trial court for a finding under WIS. STAT. RULE 901.04(1) of whether Santana-Lopez believed DNA could detect the sexual assaults of which he was charged. *See State v. Cardenas-Hernandez*, 219 Wis. 2d 516, 534, 579 N.W.2d 678, 686 (1998) ("admission of contested evidence is dependent upon the presentation of a sufficient foundation establishing the relevancy of the evidence under Wis. Stat. § 901.04(1)"). If the trial court determines that, based on what Santana-Lopez knew at the time he made the offer to undergo DNA testing, evidence of his offer is relevant, the trial court should then exercise its discretion under WIS. STAT. RULE 904.03 and decide whether the relevance of that evidence is "substantially outweighed" by the factors set forth in that rule.[5] If the trial court determines that Santana-Lopez's offer to undergo DNA testing should have been received into evidence, it should decide whether Santana-Lopez is thus entitled to a new trial or whether the error in excluding the evidence was harmless beyond a reason-

---

*Tammen & Bergendoff*, 196 Wis. 2d 891, 899 n.1, 539 N.W.2d 904, 908 n.1 (Ct. App. 1995) (quoting *United States v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993)). Moreover, Santana-Lopez's statement is, if as represented, admissible under the state-of-mind exception to the rule against hearsay, WIS. STAT. RULE 908.03(3). *See United States v. Terry*, 702 F.2d 299, 314 (2d Cir. 1983) (applying Rule 803(3) of the Federal Rules of Evidence, which is identical to RULE 908.03(3)), *cert. denied*, 461 U.S. 931.

[5] WIS. STAT. RULE 904.03 provides:

**Exclusion of relevant evidence on grounds of prejudice, confusion, or waste of time.** Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

able doubt. *See State v. Harris*, 199 Wis. 2d 227, 252–256, 544 N.W.2d 545, 555–557 (1996).[6]

By the Court.—Cause remanded.

¶ 8. SCHUDSON, J. *(concurring)*. I agree with the majority opinion, with one small exception. The majority indicates that "[w]e do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review." *See* Majority at ¶ 6 n.4 (quoted sources omitted). In my estimation, that is not quite correct and could be read to preclude consideration of important, footnoted arguments.

¶ 9. For various reasons, appellate briefs sometimes relegate arguments to footnotes. On some of those occasions, however, the footnote adequately develops the argument and, in some appeals, the opposing party responds. It has always been my impression that when issues have been adequately developed, we may address them, regardless of whether the parties' discussions appear in the footnotes or main texts of their briefs.

¶ 10. We should not preclude appellate review of an argument merely because the argument is "mentioned only in a footnote," unless its *mere mention* means that the argument has not been adequately developed. Our inquiry should focus on the argument's merits, not its location in the briefs. And, interestingly enough, in this appeal, while the majority indicates that "[w]e do not consider an argument mentioned only

---

[6] Although the State argues on appeal that if the trial court erred in excluding evidence of Santana-Lopez's offer to undergo DNA testing, the error was harmless, in our view a reasoned assessment of that issue may depend on the nature of Santana-Lopez's offer.

in a footnote," it goes on to do so, deciding the issue in the very next sentence. *See* Majority at ¶ 6 n.4.

¶ 11.   Accordingly, I respectfully concur.