Melvin Lawrence ROLLINS *v.*
STATE of Arkansas

CR 04-1006                                     208 S.W.3d 215

Supreme Court of Arkansas
Opinion delivered May 12, 2005

*Clark & Spence,* by: *George R. Spence,* for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Melvin Lawrence Rollins appeals the order of the Benton County Circuit Court convicting him of one count of rape and sentencing him to a term of ten years' imprisonment. On appeal, he argues that the trial court erred in allowing the State: (1) to present a statement he made to authorities with part of the statement redacted; and (2) to present evidence under Ark. R. Evid. 404(b) during the rebuttal phase of its case. This case was certified to us from the Arkansas Court of Appeals as involving an issue requiring clarification and development of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5). We find no error and affirm.

Because Appellant does not challenge the sufficiency of the evidence supporting his conviction, a brief recitation of the facts is all that is necessary. On July 5, 2002, seven-year-old A.B. reported to her mother that their next-door neighbor, Appellant, had touched her in an inappropriate manner. According to A.B.'s mother, A.B. had been outside playing when she suddenly burst into the house with a terrified look on her face. At first, A.B. would not tell her mother what was wrong, but finally admitted what had happened.

Later that evening, A.B.'s family contacted the Rogers Police Department. Detective Debbie Crews interviewed A.B. and set up an appointment for the girl at the Children's Advocacy Center for a rape examination. Dr. Karen Farst examined A.B. and discovered a small linear abrasion on the outer surface of the girl's hymen. This finding was consistent with a penetrated injury to the genitalia that appeared to be about twenty-four hours old.

Detective Crews attempted to contact Appellant on July 12, 2002, and was later contacted by an attorney representing Appellant. The attorney made arrangements with Detective Crews to make his client available for an interview. The subsequent interview was both video and audio taped. In his statement, Appellant denied ever touching A.B. in an inappropriate manner. In fact, according to Appellant, he did not even see A.B. on the day of July 5. He stated that he was not feeling well that day and ended up passing out in his front yard. According to Appellant, the next thing he remembered was waking up in the hospital.

Appellant was arrested and charged by felony information with one count of rape. He was tried before a jury in Benton County on February 10-12, 2004. A.B. testified about the events of July 5. She stated that she discovered a bottle rocket in her front yard and went next door to show it to Appellant. Appellant and A.B. then went inside his home, and A.B. began to help Appellant make his bed. While in his bedroom, Appellant told A.B. to lie down on the bed. He then came over to the bed and touched the girl on her "private spot." According to A.B., Appellant undid her shorts and touched her again, telling her not to tell anyone about it.

After the presentation of all the evidence, the case was submitted to the jury, which returned a verdict of guilty on the count of rape. After the verdict was announced, Appellant became ill and was taken to the hospital. He agreed to be sentenced at a later date by the trial court. Thereafter, the trial court imposed a sentence of ten years' imprisonment in the Arkansas Department of Correction. This appeal followed.

## I. Redacted Statement

For his first point on appeal, Appellant argues that the trial court erred in allowing the State to introduce into evidence a redacted version of a videotaped interview between Detective Crews and Appellant. According to Appellant, the entire interview should have been introduced because the redacted portion involved a discussion as to whether Appellant would be willing to submit to a polygraph examination and indicated a consciousness of innocence on Appellant's part. Moreover, Appellant argues that the State was required to introduce the videotape in its entirety so that the jury could view it in its complete context. The State argues that the trial court did not err because evidence regarding the taking of a lie detector test is not admissible to bolster an accused's credibility. The State is correct.

The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse a trial court's decision regarding the admission of evidence absent a manifest abuse of discretion. *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002); *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). We agree with the State that the trial court did not abuse its discretion in admitting the redacted statement.

The portion of the statement that was redacted is as follows:

> [DETECTIVE CREWS]: Okay. If it becomes necessary would you be willing to take a polygraph to determine whether or not you did this?
>
> [APPELLANT]: Yeah, but I don't think the medication I'm on, if that's gonna be fair, I don't know how those things work.
>
> [APPELLANT'S COUNSEL]: He'll take one if he can. I don't know if anybody would run him.
>
> [DETECTIVE CREWS]: Yeah (inaudible), it would probably be up to the polygrapher. Ah, I —
>
> [APPELLANT'S COUNSEL]: Jim's retired and Guary running 'em now?
>
> [DETECTIVE CREWS]: He is and I think Jim is still some.
>
> [APPELLANT'S COUNSEL]: Running some?
>
> [DETECTIVE CREWS]: So it's just, it's gonna depend on his medication, you know, they'll get to a point where, you know, depending on what —

This court very recently reiterated the rule that a witness's veracity cannot be bolstered or discredited by proof of his taking or refusing a lie detector test, and evidence of a witness's willingness or reluctance to be examined is also prejudicial and inadmissible to prove consciousness of innocence or of guilt. *Peters v. State*, 357 Ark. 297, 166 S.W.3d 34 (2004) (quoting *Wingfield v. State*, 303 Ark. 291, 296-97, 796 S.W.2d 574, 576 (1990)).

In addition, an argument similar to the present one was rejected by this court in *Ramaker v. State*, 345 Ark. 225, 46 S.W.3d 519 (2001). In that case, this court specifically denied Appellant's request that we overturn our decision in *Wingfield*, 303 Ark. 291, 796 S.W.2d 574, and align ourselves with the view expressed in *State v. Santana-Lopez*, 237 Wis.2d 332, 613 N.W.2d 918 (2000), that an offer to take a polygraph examination is admissible to show a consciousness of innocence. In rejecting this argument, this court stated:

Arkansas Code Annotated § 12-12-704 (Repl. 1999) provides that the results of a polygraph exam "shall be inadmissible in all courts in this State." The only exception to this rule occurs when both parties stipulate to the admissibility of the polygraph results in writing. *Foster v. State*, 285 Ark. 363, 687 S.W.2d 829 (1985). The United States Supreme Court has held that because polygraph results only serve to bolster or attack a witness's veracity, rules barring their admissibility do not abridge an accused's right to present a defense. *See United States v. Scheffer*, 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998). The prohibition against the admission of polygraph results extends to a witness's willingness or reluctance to be examined as evidence of consciousness of innocence or guilt. *See Wingfield, supra*. This rule, like the bar against polygraph results, only prevented the appellant from *bolstering* his own credibility. He was still able to introduce his version of the shooting through his custodial statements and through the testimony of his expert, who corroborated his claim that a malfunction caused the gun to be ready to fire. As such, the appellant cannot show the prejudice upon his right to present a defense. We, therefore, find no error by the trial court on this point.

*Ramaker*, 345 Ark. at 234, 46 S.W.3d at 525.

█ Thus, Appellant's argument that the trial court erred in admitting the redacted statement because it demonstrated a consciousness of innocence on his part is without merit. We note that the trial court admitted the redacted statement on the basis that Appellant's agreement to submit to a polygraph was not unequivocal. Although we disagree with the trial court's reasoning, this court can affirm a trial court's ruling if it reached the right result, even if we affirm for a different reason. *Williams v. State*, 343 Ark. 591, 36 S.W.3d 324 (2001).

█ Finally, we note that the line of cases relied on by Appellant for the proposition that where the State seeks to introduce a defendant's statement, the entire statement should be introduced is inapposite. First, the cases cited by Appellant each deal with the introduction of a confession by the defendant. *See, e.g., Stout v. State*, 244 Ark. 676, 426 S.W.2d 800 (1968); *Whitten v. State*, 222 Ark. 426, 261 S.W.2d 1 (1953); *Williams v. State*, 69 Ark. 599, 65 S.W. 103 (1901); *Frazier v. State*, 42 Ark. 70 (1883). In the instant case, we are not dealing with a situation where the State sought to introduce a portion of Appellant's confession; rather, in the statement introduced by the State, Appellant denies

any involvement in the alleged rape. Moreover, Ark. R. Evid. 106 provides that when a written or recorded statement is introduced by a party, the opposing party "may require him at that time to introduce any other part . . . *which in fairness ought to be considered contemporaneously with it.*" [Emphasis added.] Thus, neither our case law nor Rule 106 requires that a statement must always be introduced in its entirety. Accordingly, Appellant's argument on this point is without merit.

## II. Rule 404(b) Evidence

For his second point on appeal, Appellant argues that it was error for the trial court to rule that the State could introduce evidence under Rule 404(b) during the rebuttal portion of its case. The evidence was never presented by the State. However, Appellant avers that the trial court's ruling affected his decision not to testify and amounted to a discovery violation that caused him unfair surprise and thus prejudiced him. The State counters that this argument is not preserved for our review. Additionally, the State avers that Appellant is raising the discovery-violation issue for the first time on appeal.

Rule 404(b) of the Arkansas Rules of Evidence provides:

> *Other Crimes, Wrongs, or Acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

In analyzing the admission of evidence under Rule 404(b), this court has stated that such evidence is not admissible simply to show a prior bad act. *Pickens v. State*, 347 Ark. 904, 69 S.W.3d 10 (2002); *Haire v. State*, 340 Ark. 11, 8 S.W.3d 468 (2000). To be admissible, the evidence must be independently relevant, which means it must have a tendency to make the existence of a fact of consequence to the determination of the case more or less probable. *Pickens*, 347 Ark. 904, 69 S.W.3d 10; *Bragg v. State*, 328 Ark. 613, 946 S.W.2d 654 (1997) (citing *Larimore v. State*, 317 Ark. 111, 877 S.W.2d 570 (1994)); *see also* Ark. R. Evid. 401. It is well settled that the admission or rejection of evidence is left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004).

As a preliminary matter, we must address the State's contention that Appellant has failed to preserve this issue for our review. The State argues that Appellant failed to proffer the Rule 404(b) evidence and such a failure to proffer the excluded evidence bars our review of the issue on appeal. In support of its contention, the State cites to this court's decision in *Thomas*, 349 Ark. 447, 79 S.W.3d 347. In that case, the appellant sought to introduce evidence about the victim's home life, and the trial court ruled that the evidence was not relevant or admissible. On appeal, the appellant argued that this ruling was in error, but this court refused to consider the merits of this argument, noting that the appellant failed to proffer the evidence he sought to admit. This court stated that our rules of evidence require that when challenging the exclusion of evidence, a party must make a proffer of the excluded evidence at trial so that this court can review the decision, unless the substance of the evidence is apparent from the context. *Id.*; *see also* Ark. R. Evid. 103(a)(2).

The situation in *Thomas* is distinguishable from the case at hand. Here, Appellant argues that the State averred prior to trial that it was not going to attempt to introduce any evidence pursuant to Rule 404(b), but later sought to introduce such evidence. The trial court ruled that the State could not use such evidence in its case-in-chief, but could use it in rebuttal. Appellant objected, arguing that allowing the State to use Rule 404(b) evidence during rebuttal would prejudice him in regards to testifying on his own behalf. The situation presented in the instant case then is one where Appellant wanted the evidence excluded all together; thus, Rule 103(a)(2) and our case law placing the burden on him to proffer the evidence he wanted excluded is inapplicable.

Even though we find *Thomas* to be inapplicable, the fact remains that this court cannot begin to review the merits of Appellant's argument on this point without having any clue regarding the nature of the Rule 404(b) evidence. It is well settled that it is Appellant's burden to bring forth a record that demonstrates error. *Raymond v. State*, 354 Ark. 157, 118 S.W.3d 567 (2003); *Lukach v. State*, 310 Ark. 38, 834 S.W.2d 642 (1992). In the absence of the controverted evidence, we simply cannot ascertain whether Appellant was prejudiced by the trial court's ruling. It is axiomatic that this court will not presume prejudice where the appellant offers no proof of it. *Barnes v. State*, 346 Ark. 91, 55

S.W.3d 271 (2001); *Tucker v. State*, 336 Ark. 244, 983 S.W.2d 956 (1999). Accordingly, Appellant's argument on this point is not preserved for our review.

Affirmed.